IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AnnSharee Webb-Harrison,<br><br>Plaintiff,<br><br>vs.<br><br>Associates Asset Recovery, LLC, Tony Cooper, and Michelle Rogers,<br><br>Defendants. | Civil Action No.: 2:23-cv-3812-DCN-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, AnnSharee Harrison ("Harrison") is a resident and citizen of the County of Dorchester, South Carolina.

2. Upon information and belief, Associates Asset Recovery ("AAR") is a limited liability company incorporated in the state of South Carolina. Defendant does business and maintains an office and agents in the State of South Carolina.

3. Upon information and belief Tony Cooper ("Cooper") is a resident of the state of South Carolina and is the owner of AAR.

4. Upon information and belief Michelle Rogers ("Rogers") is a resident of the state of South Carolina.

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII") and 42 U.S.C. §1981.

6.     Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in the district, and Defendant does business in the district.

7.     Defendant is an employer with 15 or more employees and otherwise subject to Title VII.

8.     Defendant is an employer subject to 42 U.S.C. 1981.

9.     Plaintiff timely filed her complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color and race. Plaintiff's charge of discrimination also included an allegation of retaliation.

10.    On or about May 9, 2023, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

11.    That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

12.    Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

13.    Plaintiff is a Black American and female.

14.    AAR is engaged in the business of repossessing and recovering vehicles for those in default of their loan.

15.    On or about September 2018, Plaintiff was hired by Defendant as a case manager.

16.    As a case manager, Plaintiff assisted in locating vehicles that were subject to repossession by the loan holder.

17. Throughout her employment with Defendant, Plaintiff met her employer's reasonable expectations and was not subject to warranted discipline.

18. Throughout her employment with Defendant, Plaintiff reported instances of discrimination and hostile work environment she experienced by employees of AAR.

19. By way of example, in late 2019, another AAR employee, Debbie Cooper-Hardy (Caucasian female), was called a "NIGGER LOVER" by Rogers ("Caucasian female). Rogers was a member of AAR management and called Ms. Cooper-Hardy a "NIGGER LOVER" when she refused to "shun" Plaintiff and supported the decisions Plaintiff made related to her job duties and performance.

20. No employee of AAR, including Cooper, took any action to discipline Rogers or properly investigate Plaintiff's reports of discrimination or hostile work environment.

21. After Plaintiff made complaints of race-based discrimination and hostile work environment, Plaintiff was moved to a different work area and tasked with different job duties. Plaintiff was moved to the DRN department. In the DRN department, Plaintiff worked with tow truck and camera car drivers to assist in the repossession process.

22. In late 2019, Lisa Frasier became Plaintiff's supervisor in the DRN department. Ms. Frasier tasked Plaintiff with assisting in the hiring of drivers.

23. Shortly after Plaintiff was transferred to the DRN department, she was informed by Frasier that management said Plaintiff was hiring "too many black people." Plaintiff was then removed from the hiring process in the DRN department.

24. While submitting payroll for drivers in the DRN department, Cooper instructed Plaintiff to modify records of black drivers so they would be paid less than other white drivers. Plaintiff objected to this practice and refused to make the change.

25.     In or about March 2020, an employee of AAR sent Plaintiff inappropriate text messages using racially offensive language to Plaintiff's supervisor (Frasier) calling Plaintiff a "NIGGER" and instructing Frasier not to "send that NIGGER [Plaintiff] to say anything to me." The employee who made the comments continued to work for AAR and was not subjected to discipline.

26.     Plaintiff made complaints to management about the conduct that occurred noted above and other similar conduct.

27.     Subsequent to Plaintiff's complaints of discrimination and hostile work environment, Defendant began a campaign of retaliation against Plaintiff.

28.     By way of example, while performing the additional duties assigned to her, members of AAR management specifically instructed Plaintiff's co-workers not to help Plaintiff learn her additional duties. AAR agents, including management, also instructed Plaintiff's co-workers not to speak to or associate with Plaintiff in any manner. Defendants took this action in retaliation for Plaintiff making complaints about race-based discrimination and hostile work environment.

29.     Members of management told other AAR employes to "stay away" from Plaintiff, "not help" Plaintiff with work tasks, and take other actions to alienate Plaintiff, such as not eat lunch with Plaintiff or be seen socializing or being friendly to Plaintiff in any manner.

30.     Moreover, Rogers told Plaintiff that "NO NIGGER OR BLACK WOMAN is ever going to be in leadership" at AAR.

31.     By way of further retaliation, Plaintiff began receiving intimidating, hostile, and verbally abusive text messages from employees of AAR. One message called Plaintiff a "slave," "dumb," and a "NIGGER." The message also told Plaintiff she needed to "wake up bitch."

32.     Plaintiff reported all of these incidents to the highest available AAR employee, including Mr. Tony Cooper, the owner of AAR ("Cooper").

33. Each of Plaintiff's complaints were not addressed or investigated but, instead, Plaintiff was subjected to discipline for making the complaints.

34. By way of example of further retaliation, Plaintiff was denied the pay raise she was previously promised.

35. On or about June 4, 2021, Plaintiff met with Cooper to ask about her pay raise. After this conversation, Cooper shut the door of the room they were in and approached Plaintiff's personal physical space until she was standing in a corner. Cooper then yelled at Plaintiff using words and threats that caused her to fear for her safety. While yelling at Plaintiff, Cooper used hand gestures that caused Plaintiff to fear she would be physically harmed. Moreover, while Cooper yelled at Plaintiff, he spit his saliva on Plaintiff's face.

36. The June 4, 2021, interaction with Cooper caused Plaintiff great emotional harm.

37. On or about June 4, 2021, Plaintiff felt unsafe at work and was constructively discharged from her employment with AAR.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR
(As to Defendant AAR)

38. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

39. Plaintiff, as an African-American, is a member of a protected class under Title VII.

40. Throughout her employment with Defendant, Plaintiff was performing her job satisfactorily.

41. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, threats, and being constructively discharged from her employment with Defendant.

42. Plaintiff's treatment was different from similarly situated employees outside her protected class. By way of example, Plaintiff was disciplined for complying with proper procedures when other Caucasian-American employees were not.

43. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as a black person, was overly sensitive, vocal, argumentative, and disruptive when she made complaints about race discrimination.

44. Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

45. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

46. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

<u>FOR A SECOND CAUSE OF ACTION:</u>
<u>VIOLATION OF TITLE VII</u>
<u>RETALIATION</u>
<u>(As to Defendant AAR)</u>

47. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

48. That as alleged above, Plaintiff complained to Defendant on several occasions that she was being discriminated against based on her race and sex.

49. That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

50. Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

51. Plaintiff, on numerous occasions, complained to Defendant about the above-described race-based discrimination and hostile work environment and Defendant was on notice that it was occurring.

52. Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant, and, in retaliation for making complaints of discrimination, Defendant continued to subject Plaintiff to race-based discrimination in violation of Title VII.

53. Subsequent to and in retaliation for Plaintiff making complaints, Defendant created and allowed the work environment to be so hostile that no person could have withstood such treatment.

54. To further retaliate against Plaintiff, Defendants refused to properly pay Plaintiff, instructed other employees to avoid assisting Plaintiff with work, threatened, assaulted, battered and forced Plaintiff to resign from her employment by making the work environment hostile.

55. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

56. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT
(As to Defendant AAR)

57. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

58. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendant and its agents.

59. The hostile environment Plaintiff was subjected to was based on her race, sex, and making complaints about race discrimination.

60. Plaintiff was subject to additional harassment because Plaintiff made complaints about sex discrimination and retaliation based on race and sex.

61. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

62. The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be so hostile that no reasonable person could endure it.

63. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

64. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION
(As to all Defendants)

65. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

66. Plaintiff is a black American.

67. Throughout her employment with Defendant, Plaintiff was performing her job satisfactorily.

68. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, receiving unwarranted disciplinary actions, and being terminated from her employment with Defendant.

69. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, unwarranted suspension, and being terminated from her employment with Defendant.

70. Plaintiff's treatment was different from similarly situated employees outside her protected class. By way of example, Plaintiff was disciplined for complying with proper procedures for handling sensitive documents when other Caucasian-American employees were not.

71. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as a black person, was disruptive and a problem because she made complaints about race discrimination.

72. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include Plaintiff being called a NIGGER; any person who supported Plaintiff being specifically identified as a "NIGGER LOVER;" Plaintiff being called a "slave;" Plaintiff being threatened by agents of AAR, and other offensive comments made by Defendants.

73. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

74. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

75. Plaintiff, on numerous occasions, complained to Defendants about the above-described race discrimination and hostile work environment and Defendants were on notice that it was occurring.

76. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant continued to subject Plaintiff to race discrimination in violation of 42 U.S.C. 1981.

77. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

78. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

79. But for Plaintiff's race, Defendants would have properly investigated Plaintiff's complaints and would not have allowed the hostile environment to continue.

80. But for Plaintiff's race, Defendants would not have discriminated against Plaintiff.

81. But for Plaintiff's race, Defendants would not have intimidated Plaintiff.

82. But for Plaintiff's race, Defendants would not have engaged in conduct that caused Plaintiff to resign her employment.

83. Plaintiff was discriminated against in violation of 42 U.S.C. 1981.

84. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

85. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and she is entitled to recover punitive damages from Defendant.

**FOR A FIFTH CAUSE OF ACTION:**
**VIOLATION OF 42 U.S.C. 1981**
**RETALIATION**
**(As to all Defendants)**

86. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

87. That as alleged above, Plaintiff complained to Defendant on several occasions that she was being harassed and discriminated against because of her race.

88. That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. 1981.

89. Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and allowed the work environment to be so hostile in order to prevent Plaintiff from engaging in protected activity.

90. To further retaliate against Plaintiff, Defendants refused to properly pay Plaintiff, instructed other employees to avoid assisting Plaintiff with work, and forced Plaintiff to resign from her employment by making the work environment hostile.

91. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

92. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

<u>FOR A SIXTH CAUSE OF ACTION:</u>
<u>VIOLATION OF 42 U.S.C. 1981</u>
<u>HOSTILE WORK ENVIRONMENT</u>
<u>(As to all Defendants)</u>

93. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

94. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendant and its agents.

95. Defendants' conduct as described above was unwelcome.

96. The hostile environment Plaintiff was subjected to was due to her race.

97. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

98. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

99. Plaintiff, on numerous occasions, complained to Defendants about the above-described race-based discrimination and hostile work environment and Defendants were on notice that it was occurring.

100. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to investigate and end the illegal conduct and Defendants continued to subject Plaintiff to race-based discrimination in violation of 42 U.S.C. 1981.

101. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

102. The hostile environment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile.

103. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

104. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A SEVENTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(As to all Defendants)

105. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

106. Defendants intentionally and recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from their conduct.

107. The conduct of Defendants was so extreme and outrageous that is exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

108. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

109. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages

in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

FOR AN EIGHTH CAUSE OF ACTION
ASSAULT
(As to AAR and Cooper)

110.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

111.    Defendant Cooper in his individual capacity and as an agent for AAR, engaged in conduct that placed Plaintiff in reasonable fear of bodily harm.  This conduct included, but is not limited to, Cooper's conduct during the June 4, 2021, meeting.

112.    Such further assault occurred when agents of AAR allowed Plaintiff to be harassed and called "NIGGER" with such frequency that Plaintiff feared she would be the victim of a hate crime involving bodily harm.

113.    As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

FOR A NINTH CAUSE OF ACTION
BATTERY
(As to AAR and Cooper)

114.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

115.    During the June 4, 2021, meeting, Defendant Cooper in his individual capacity and as an agent for AAR, caused his saliva to make contact with the face of Plaintiff with the intention of bringing about harmful and offensive contact with Plaintiff.

116.    Cooper, in his individual capacity and as an agent of AAR, spit his saliva onto Plaintiff in a rude, insolent, and vengeful way without Plaintiff's consent.

117.    As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendants: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

GAFFNEYLEWIS LLC

s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 875-1925  telephone
(803) 790-8841  facsimile
eferguson@gaffneylewis.com

*Attorney for Plaintiff*

August 3, 2023
Columbia, South Carolina